**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re:<br><br>SHELBOURNE NORTH WATER STREET, L.P.,<br><br>　　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 13-44315 (JSB)<br><br>**Hearing Date: November 27, 2013<br>Hearing Time: 9:30 a.m.** |

## NOTICE OF MOTION

TO:　　See Attached Service List

**PLEASE TAKE NOTICE** that on **Wednesday, November 27, 2013 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Janet S. Baer**, Bankruptcy Judge, in Courtroom 615, United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **MOTION TO APPROVE JOINT STIPULATION (A) AUTHORIZING THE RECEIVER TO (i) REMAIN IN POSSESSION, CUSTODY, AND CONTROL OF THE DEBTOR'S MORTGAGED PROPERTY, AND (ii) MAINTAIN, CARE AND PRESERVE SUCH MORTGAGED PROPERTY; (B) EXCUSING THE RECEIVER FROM COMPLYING WITH BANKRUPTCY CODE SECTIONS 543(a) AND 543(b); AND (C) AUTHORIZING THE RECEIVER TO USE FUNDS ON DEPOSIT THAT CONSTITUTE SECURED LENDER'S CASH COLLATERAL TO PAY EXISTING AND FUTURE COSTS AND EXPENSES OF THE RECEIVER RELATING TO THE MORTGAGED PROPERTY AND PROVIDING ADEQUATE PROTECTION TO SECURED LENDER THEREFOR,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

　　　　**AT WHICH TIME AND PLACE** you may appear if you so see fit.

| | |
|---|---|
| Lenard M. Parkins (*pro hac vice*)<br>Trevor R. Hoffmann (*pro hac vice*)<br>Jonathan Hook (*pro hac vice*)<br>John D. Beck (*pro hac vice*)<br>HAYNES AND BOONE LLP<br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>Telephone: (212) 659-7300<br>Facsimile: (212) 918-8989<br>Email:　lenard.parkins@haynesboone.com<br>　　　　trevor.hoffmann@haynesboone.com<br>　　　　jonathan.hook@haynesboone.com<br>　　　　john.beck@haynesboone.com | Brian L. Shaw<br>Peter J. Roberts<br>SHAW FISHMAN GLANTZ & TOWBIN LLC<br>321 N. Clark Street, Suite 800<br>Chicago, Illinois 60654<br>Telephone: (312)-541-0151<br>Facsimile: (312) 980-3888<br>Email: bshaw@shawfishman.com<br>　　　　proberts@shawfishman.com |

*Attorneys for RMW Acquisition Company, LLC*

{10620-001 MOT A0360479.DOCX}1

## **CERTIFICATE OF SERVICE**

      I, John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing Notice of Motion and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means, or as otherwise indicated in the service list below, on November 20, 2013.

                                                            */s/ John Guzzardo*

**Mailing Information for Case No. 13-44315**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Kimberly A. Brown brown@lrclaw.com

- Peter A. Roberts proberts@shawfishman.com

- Brian L. Shaw bshaw@shawfishman.com

- Russell C. Silberglied silberglied@rlf.com

- Joseph D. Frank jfrank@fgllp.com

**By Electronic Mail**

Stephen G. Bell
sbell @gradybell.com

**By Priority Overnight Federal Express Delivery**

Patrick S. Layng
Kimberly A. Bacher
Office of the U.S. Trustee
for the Northern District of Illinois
219 S. Dearborn, Suite 873
Chicago, Illinois 60604

| | |
|---|---|
| Colin Kelleher | Gensler |
| Altus Group Limited | 4549 Collections Center Drive |
| 212 King Street West | Chicago, Il  60693 |
| 3rd Floor | Attn:  Lamar Johnson |
| Toronto Ontario | |

Knight Engineering Associates
221 N. LaSalle St., Ste. 300
Chicago, IL  60601
Attn:  Kevin Lentz

DLA Piper
203 N. LaSalle St., Ste. 1900
Chicago, IL  60601
Attn:  Ross Altman

Buro Happold
Camden Millf
Lower Bristol Rd
Bath, US  BA2 3DQ
Attn:  Padraic Kelly

Distinctive Lifestyle
2950 N. 28th Terrace
Hollywood, FL  33020
Attn:  Mahmoud Soliman

Lam Partners Inc.
84 Sherman Street
Cambridge, MA  02140

Michigan Avenue Magazine (Niche Media)
100 Church St., 7th Floor
New York, NY  10007

Alfred Benesch & Company
205 N. Michigan Ave., # 2400
Chicago, IL  60601
Attn:  Kevin Fitzpatrick

Weidlinger Associates, Inc.
375 Hudson St., 12th Floor
New York, NY  10014
Attn:  Ross Cussen

OMD USA, Inc.
195 Broadway, 28th Floor
New York, NY  10007
Attn:  Shane Leahey

Marque
210 Eleventh Avenue
New York, NY  01001
Attn:  David Boyle

Savills Unex House
132-1234 Hills Road
Cambridge, UK  CB2 8PA
Attn:  Dominic Grace

Schirmer
1000 Milwaukee Avenue, 5th Floor
Glenview, IL  60025
Attn.:  Carl Baldasarra

Van Duesen
5 Regent Street, Ste. 524
Livingston, NJ  07039

Michigan Avenue Magazine (Niche Media)
c/o ArthurRaphael
Teller, Levit & Silvertrust, P.C.
11 E. Adams
Chicago, IL  60603

Ducibella Venter & Samtore
250 State St., Unit F2
North Haven, CT  06473
Attn:  Bob Ducibella

Studio V Architecture
44 East 32 Street
New York, N  10016
Attn:  Jay Valgora

Daniel Weinbach & Partners, Ltd.
53 West Jackson, Ste. 250
Chicago, IL 60604
Attn.: Daniel Weinbach

Clune Construction
10 S. LaSalle St., 3rd Floor
Chicago, IL 60603
Attn: Aidan McGovern

Riverview Condominium Association
445 East North Water St.
Chicago, IL 60611
Attn: Stephanie Goetz

East Water Place Homeowners
c/o Wolin-Levin, Inc.
325 W. Huron, Ste,. 600
Chicago, IL 60654
Attn: Natalie Drapac

Raymond J. Ostler, Partner
GOMBERG, SHARFMAN, GOLD &
OSTLER, P.C.
208 South LaSalle Street, Suite 1410
Chicago, Illinois 60604

John S. Mrowiec
Erik Nelson
Conway & Mrowiec
20 S. Clark St., Ste. 1000
Chicago, IL 60603

City of Chicago
Legal Department
121 North LaSalle Street , Suite 600
Chicago, IL 60602

Prime Scaffold
1220 N. Ellis St.
Bensenville, IL 60106
Attn.: Eileen Anderson

Albrizzi-Williams
222 Old Boston Post Road
Old Saybrook, CT 06475
Attn.: Hiram Williams

City Front Center East Maintenance
Association
401 E. Illinois St., Ste. 324
Chicago, IL 60611

Joseph D. Frank
FRANK GECKER, LLP
325 N. LaSalle St., Suite 625
Chicago, Illinois 60654

Stephen P. Patt -- Direct 847-832-5601
Robbins, Salomon & Patt, Ltd.
2222 Chestnut Avenue, Suite 101
Glenview, Illinois 60026-1674

Cook County Assessor's Office
Legal Department
3rd Floor
118 North Clark Street
Chicago, IL 60602

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: <br><br> SHELBOURNE NORTH WATER STREET, L.P., <br><br> Debtor. | Chapter 11 <br><br> Case No. 13-44315 (JSB) |

**JOINT MOTION OF THE DEBTOR AND SECURED LENDER TO APPROVE STIPULATION: (A) AUTHORIZING THE RECEIVER TO (i) REMAIN IN POSSESSION, CUSTODY, AND CONTROL OF THE DEBTOR'S MORTGAGED PROPERTY, AND (ii) MAINTAIN, CARE FOR AND PRESERVE SUCH MORTGAGED PROPERTY; (B) EXCUSING THE RECEIVER FROM COMPLYING WITH BANKRUPTCY CODE SECTIONS 543(a) AND 543(b); AND (C) AUTHORIZING THE RECEIVER TO USE FUNDS ON DEPOSIT THAT CONSTITUTE SECURED LENDER'S CASH COLLATERAL TO PAY EXISTING AND FUTURE COSTS AND EXPENSES OF THE RECEIVER RELATING TO THE MORTGAGED PROPERTY AND PROVIDING ADEQUATE PROTECTION TO SECURED LENDER THEREFOR**

Shelbourne North Water Street, L.P. (the "Debtor") together with RMW Acquisition Company, LLC ("RMW" or "Secured Lender," and together with the Debtor, the "Movants"), the Debtor's senior secured creditor, by and through their undersigned counsel,[1] hereby jointly move this Court (the "Motion") for entry of an order, substantially in the form attached hereto as "**Exhibit A**," pursuant to sections 105(a), 363 and 543 of title 11 of the United States Code (the "Bankruptcy Code"), approving the *Stipulation: (A) Authorizing the Receiver to (i) Remain in Possession, Custody, and Control of the Debtor's Mortgaged Property, and (ii) Maintain, Care For and Preserve Such Mortgaged Property; (B) Excusing the Receiver from Complying with Bankruptcy Code Sections 543(a) and 543(b); and (C) Authorizing the Receiver to Use Funds on Deposit that Constitute Secured Lender's Cash Collateral to Pay Existing and Future Costs and Expenses of the Receiver Relating to the*

---

[1] FrankGecker LLP is the Debtor's proposed counsel, but its retention has not been approved by the Bankruptcy Court.

1

*Mortgaged Property and Providing Adequate Protection to Secured Lender Therefor* (the "Stipulation,"), a copy of which is attached hereto as "**Exhibit B**."

The facts and circumstances supporting this Motion are set forth in the Stipulation and supporting Declaration (the "Bell Declaration")[2] of Stephen G. Bell, the court-appointed receiver (the "Receiver" and, together with the Movants, the "Parties") for the Mortgaged Property (as defined below). In further support of this Motion, the Debtor and RMW respectfully represent as follows:

## SUMMARY OF CASH COLLATERAL PROVISIONS

1. Pursuant to Local Rule 4001(a)(2), Movants note that no provisions of the cash collateral relief sought through the Stipulation are required to be highlighted by Local Rule 4001(a)(2). Through the Stipulation, RMW is consenting to the use of its cash collateral under the same terms and conditions pursuant to which the Receiver was previously able to utilize RMW's cash collateral through Receiver Certificates (as defined below) obtained before the Circuit Court (as defined below). The Receiver's use of RMW's cash collateral will be adequately protected as it was pre-petition, i.e., such advances will be secured by a first priority lien in the Mortgaged Property, which lien will be treated *pari passu* with those liens securing the pre-petition advances to the Receiver and priming certain pre-petition liens of RMW and those of any junior secured creditors (whose liens were already subject to pre-petition priming for the same reason). As further adequate protection, RMW will also be granted a priority claim under Bankruptcy Code sections 503(b), 507(a)(2) and 507(b). The cash collateral provisions are set forth in paragraphs 19 below, as well as in paragraphs 18 through 20 of the Stipulation.

---

[2] A copy of the Bell Declaration is attached hereto as "**Exhibit C**."

## JURISDICTION

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are Bankruptcy Code sections 105(a), 363 and 543.

## BACKGROUND

3.     The Debtor is a Delaware limited partnership[3] formed on July 14, 2006 for the purpose of developing an approximately 2.2 acre property located at the address commonly known as 400 East North Water Street, Chicago, Illinois (the "Mortgaged Property").[4]  The Debtor represents that it intends to develop the Mortgaged Property into a high-rise condominium building that is commonly referred to as the Chicago Spire building.  But after the real estate collapse of 2008, the Debtor defaulted on its Loan[5] and ceased development and construction of the Mortgaged Property.

---

[3] The Debtor's general partner is Shelbourne North Water Management, LLC, a Delaware limited liability company, and its limited partner is Garrett E. Kelleher.

[4] The property index numbers of the Mortgaged Property are: 17-10-221-007-0000, 17-10-221-012-0000, 17-10-221-014-0000, 17-10-221-072-0000, and 17-10-221-073-0000.

[5] To facilitate the purchase of the Mortgaged Property, the Debtor entered into a Facility Letter, dated as of July 18, 2006, by and among the Debtor as borrower, and Anglo Irish Bank Corporation Limited, formerly known as Anglo Irish Bank Corporation plc ("Anglo Irish"), by which the Debtor initially borrowed the aggregate principal amount of $54.5 million from Anglo Irish.  The initial loan was ultimately increased to the aggregate principal amount of $69.5 million (together with applicable interest, costs, and other charges under the Facility Letter and associated documents, the "Loan") pursuant to the Third Amendment to the Facility Letter, dated September 11, 2008 (as was amended, restated, modified, or supplemented from time to time, the "Facility Letter").  Pursuant to the Facility Letter, Anglo Irish's extension of the Loan was evidenced by a promissory note (as amended and restated, the "Note").  The Loan is secured by a first lien First Amendment to Mortgage and Security Agreement dated as of September 11, 2008 recorded in the Office of the Cook County, Illinois, Recorder of Deeds on September 11, 2008 as Document No. 0825503092 (the "Mortgage").  The Loan is further secured by a Collateral Assignment and Security Agreement in contracts, licenses, and permits.  The Facility Letter, the Note, the Mortgage, and all other documents, financing statements and instruments securing or evidencing the Loan are hereinafter collectively referred to as the "Loan Documents."  The Loan matured and became due on October 2, 2009, and the Debtor became in default under the Loan Documents.  At that time the Debtor and Anglo Irish entered into the Forbearance Agreement, effectively extending the term of the Loan until September 30, 2010.  The Forbearance Agreement

4.      On or about June 30, 2010, a mechanic lien creditor, Lorig Construction Company, commenced a foreclosure action (the "<u>Foreclosure Action</u>") against the Debtor in Illinois state court ("<u>Circuit Court</u>"),[6] and on October 1, 2010, Anglo Irish, RMW's predecessor in interest, filed a counterclaim in the Foreclosure Action itself seeking foreclosure of the Mortgage on the Mortgaged Property.

5.      On October 8, 2010, Anglo Irish filed a motion seeking the appointment of a receiver, and on December 2, 2010, the Circuit Court appointed the Receiver to take possession of the Mortgaged Property (the "<u>Receivership Order</u>").[7]

6.      RMW represents that on or about June 27, 2013, Anglo Irish assigned to RMW the Loan and Loan Documents.

7.      On October 9, 2013, RMW, RMW CLP Acquisitions LLC, Thornton Tomasseti, Inc., and Cosentini Associates (the "<u>Petitioning Creditors</u>") filed an involuntary petition (the "<u>Involuntary Petition</u>") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Delaware Bankruptcy Court</u>") against the Debtor, commencing the above-captioned bankruptcy case (the "<u>Bankruptcy Case</u>").

8.      On November 8, 2013, as part of an agreed upon stipulation among the Debtor and the Petitioning Creditors, the Delaware Bankruptcy Court, among other things, entered an order for relief under Chapter 11 of the Bankruptcy Code and transferred venue of the Bankruptcy Case to this Court.

9.      On November 19, 2013, the Parties executed the Stipulation and agreed that it was in the best interest of the Debtor's estate and its creditors for the Receiver to continue in

---

expired according to its terms on September 30, 2010. The Loan's maturity date has not been further extended, and the Loan is currently in default.

[6] *See Lorig Construction Company v. Shelbourne North Water Street, L.P.*, Case No. 10 CH 27970 (Quinn, J).

[7] A true and correct copy of the Receivership Order is attached to the Stipulation as "**Exhibit 1**."

4

custody, control and possession of the Mortgaged Property solely to maintain the status quo by continuing to maintain, preserve and care for the Mortgaged Property and pay ordinary obligations incurred by the Receiver relating to the Mortgaged Property as they become due in the ordinary course.

10. The Receiver has been in possession of the Mortgaged Property since December 2, 2010, and until the Petition Date was responsible for the care, maintenance and preservation of the Mortgaged Property under the terms of the Receivership Order. As set forth in greater detail in the Stipulation, the facts support the approval of the Stipulation and the retention of the Receiver for the benefit of the Debtor's estate and its creditors.

## RELIEF REQUESTED AND BASIS THEREFOR

11. By this Motion, the Debtor and RMW seek entry of an order, pursuant to Bankruptcy Code sections 105(a), 363 and 543, approving the Stipulation and (a) authorizing the Receiver (i) to remain in possession, custody, and control of the Mortgaged Property, (ii) to maintain, care for and preserve the Mortgaged Property; (b) excusing the receiver from complying with Bankruptcy Code sections 543(a) and 543(b); and (c) authorizing the receiver to pay existing and future cost and expenses from pre-petition funds, which are RMW's cash collateral, on deposit in the Receiver's bank account. A budget containing the Receiver's estimate of existing and future costs and expenses to be paid out of RMW's cash collateral on deposit in the Receiver's bank account are detailed on Exhibit 3 to the Bell Declaration.

12. Under Bankruptcy Code section 543(d)(1), the Court may excuse the Receiver from turnover upon notice and hearing where it would be "in the best interests of creditors." 11 U.S.C. § 543(d)(1). Bankruptcy Code section 543(d) is comparable to the general abstention under Bankruptcy Code section 305 and is "intended to provide flexibility when there is no

5

useful purpose to be served by turnover." *In re Plantation Inn Partners*, 142 B.R. 561, 564 (Bankr. S.D. Ga. 1992); *In re Lizeric Realty Corp.*, 188 B.R. 499, 506 (Bankr. S.D.N.Y. 1995).

13.   As set forth in the Stipulation, the Parties submit that the Receiver should be excused from complying with the provisions of Bankruptcy Code sections 543(a) and (b) because the interests of creditors will be best served by authorizing the Receiver to remain in possession of the Mortgaged Property pursuant to Bankruptcy Code section 543(d).

14.   The Mortgaged Property -- the Debtor's sole asset -- is vacant land that is dormant with no operations and does not generate any revenue. There has been no development of the Mortgaged Property for more than three years. The Mortgaged Property has required and continues to require maintenance, preservation and care. The Receiver has been performing these functions since his appointment, and the continued retention of the Receiver is the most efficient means to continue to maintain, care for and preserve the Mortgaged Property. Indeed, by this Motion, the Movants simply ask the Court to maintain the status quo of the Receiver's role with respect to the Mortgaged Property.

15.   Further, RMW, and previously Anglo Irish, have been funding the amounts necessary to maintain the Mortgaged Property and ancillary expenses to the Receiver since 2010 through *Receiver Certificates of Indebtedness and Grant of Lien* (collectively, the "Receiver Certificates").[8] Movants submit that the most efficient means to maintain and preserve the Mortgaged Property for the benefit of the Debtor's estate is to allow the Receiver to remain in possession and control of the Mortgaged Property, with the attendant costs and expenses of maintaining the Mortgaged Property to be funded by RMW through the use of existing cash

---

[8] The Receiver executed Receiver Certificates on March 25, 2011 for $1,500,000; April 2, 2012 for $1,115,000; and February 26, 2013 for $750,000.

6

collateral and additional DIP financing.[9]  *See, e.g., Foundry of Barrington P'ship*, 129 B.R. 550, 558 (Bankr. N.D. Ill. 1991) ("There is, therefore, no reason to believe that other creditors' interests will suffer by keeping the debtor out of possession of the property. Indeed, if it should be necessary to advance funds for operating expenses or tenant improvements, [the secured lender] is more likely to cooperate in that regard with the receiver in place").

16. Courts have frequently excused turnover under Bankruptcy Code section 543(d) where a receiver has been appointed by a state court and where the receiver will better serve the interests of creditors. *See Vanderveer Estates Holding, LLC*, 293 B.R. 560, 561 (Bankr. E.D.N.Y. 2003); *see also In re Olympia & York Maiden Lane Co., LLC*, 233 B.R. 662, 666-67 (Bankr. S.D.N.Y. 1999); *In re Ofty Corp.*, 44 B.R. 479, 481 (Bankr. D. Del. 1984).

17. Here, both the Debtor and RMW agree that the Receiver's continued custody and control of the Mortgaged Property pursuant to the Stipulation is in the best interests of the creditors. Approving the Stipulation will provide certainty to the creditors and all parties in interest as to the ongoing maintenance, care and preservation of the Mortgaged Property by assuring that expenses are paid in the ordinary course.

18. Moreover, the Stipulation merely maintains the status quo that has been in place since December 2, 2010, and any turnover would only disrupt the existing management and increase the instability of the Mortgaged Property. *In re Uno Broad. Corp.*, 167 B.R. at 201 ("There would undoubtedly be substantial disruption, duplication, costs, and confusion arising

---

[9] The Receiver has sufficient cash on hand to meet obligations through December 31, 2013. Further, once the Receiver is authorized to accept the Tax Refund (as defined below), such Tax Refund, as RMW's cash collateral, will be applied toward the Receiver's obligations in January and February of 2014. A copy of the Receiver's 2013 and 2014 budgets are attached to the Bell Declaration as "**Exhibit 3**."  The Debtor intends to file a DIP motion in December 2013 seeking the Court's approval of additional DIP financing from RMW for the remainder of 2014. Assuming the Court approves the DIP financing, the DIP financing will fund the Receiver's post-petition costs and expenses beginning February 1, 2014, including the Mortgaged Property's management fee of $1,395 per month, the Receiver's fee at his standard rate of $250 per hour (currently budgeted at approximately $1,200 per month and which shall be payable in the ordinary course without the need to file a fee application with the Court) and the Receiver's professional fees, including legal fees.

7

out of another management change at this point"). The Stipulation also allows the Parties to avoid potentially costly and time-consuming litigation, including, without limitation, with respect to the Receiver's obligations under Bankruptcy Code sections 543(a) and (b).

19. Further, the Court should authorize the Receiver to pay pre- and post-petition costs and expenses of the Receiver, including the Mortgaged Property's management fee of $1,395 per month, the Receiver's fee at his standard rate of $250 per hour (currently budgeted at approximately $1,200 per month, and which shall be payable in the ordinary course without the need to file a fee application with the Court) and the Receiver's professional fees, including legal fees, out of existing pre-petition funds, which are RMW's cash collateral now on deposit, under Bankruptcy Code sections 363 and 543(c). Section 543(c)(1)-(2) provides that after notice and hearing, the Court shall protect all entities to which the Receiver has become obligated by providing for the payment of bills incurred by the Receiver and provide for the payment of reasonable compensation, costs and expenses incurred by the Receiver and his counsel. 11 U.S.C § 543(c)(1),(2). Certain costs of preserving the Mortgaged Property and Receiver fees and expenses in connection with the maintenance and, preservation of the Mortgaged Property accrued pre-petition and are accruing post-petition. Thus, the Court should permit the Receiver to use RMW's cash collateral to pay such costs and expenses to maintain and protect the Mortgaged Property and to pay Receiver fees and expenses pursuant to Bankruptcy Code section 543(c)(1) and (2). Also, the Receiver is waiting to accept a tax refund in the amount of $114,923.33 (the "<u>Tax Refund</u>"). The Court should specifically authorize the Receiver to accept such Tax Refund, which constitutes RMW's cash collateral, and use it to pay future costs and expenses relating the Mortgaged Property.

20. Finally, pursuant to Bankruptcy Code section 363(c)(2), the Debtor (or in this case, the Receiver) may not use cash collateral without the consent of the secured party or court approval. 11 U.S.C. § 363(c)(2). Section 363(e) of the Bankruptcy Code requires the Debtor to provide adequate protection of interests of non-debtors in property that is to be used, sold, or leased by the debtor-in-possession. 11 U.S.C. § 363(e). RMW will consent to the use of its cash collateral if it receives adequate protection for such use pursuant to section 363(c)(2) of the Code. The adequate protection for the use of RMW's cash collateral shall be consistent with that afforded RMW under the Receiver Certificates previously issued during the receivership. Specifically, pursuant to Bankruptcy Code section 363(e), for the Receiver's use of RMW's cash collateral, RMW shall be granted the following adequate protection: (i) a first priority lien on the Mortgaged Property, and upon all rents and other income that has or may come into the possession of the Receiver with priority *pari passu* with the liens granted to RMW or its predecessor in prior Receiver Certificates, and such new lien granted herein will be prior and senior to all other liens and interests encumbering the Mortgaged Property, but shall not otherwise affect such liens and interests; and (ii) a priority claim under Bankruptcy Code sections 503(b), 507(a)(2) and 507(b).

21. For the foregoing reasons, the Parties submit that approval of the Stipulation is warranted under Bankruptcy Code sections 363, 543(c) and 543(d) as being in the best interests of the Debtor's estate and its creditors, is necessary to maintain the construct established by the Circuit Court for effective maintenance, care and preservation of the Mortgaged Property by the Receiver and would prevent unnecessary delay and litigation with respect to the Mortgaged Property.

22. Pending resolution of this Motion, the Debtor and RMW submit that the Receiver should be excused from compliance with sections 543(a) and (b). *In re Watkins*, 63 B.R. 46, 48 (Bankr. D. Colo. 1986) (holding that a custodian need not deliver the property to the Debtor pending a court's decision under section 543(d)).

### **NOTICE**

23. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; and (ii) all known creditors of the Debtor. In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

WHEREFORE, the Debtor and RMW respectfully request that the Court enter an order, substantially in the form attached hereto as "**Exhibit A**": (A) authorizing the receiver (i) to remain in possession, custody, and control of the Mortgaged Property; (ii) to maintain, preserve and care for the Mortgaged Property; (B) excusing the receiver from complying with Bankruptcy Code sections 543(a) and 543(b); (C) authorizing the Receiver to use RMW's cash collateral, including the Tax Refund, to pay existing and future expenses from pre-petition funds constituting RMW's cash collateral on deposit in Receiver's bank account and providing adequate protection to RMW therefor as described herein in paragraph 19; and (D) granting such other and further relief as the court deems just and proper.

[Remainder of Page Intentionally Left Blank; Signature Page to Follow]

Dated: November 19, 2013
       Chicago, Illinois

| | |
|---|---|
| s/ Joseph D. Frank | s/ Brian L. Shaw |
| Joseph D. Frank | Brian L. Shaw |
| FRANK GECKER, LLP | Peter J. Roberts |
| 325 N. LaSalle St., Suite 625 | SHAW FISHMAN GLANTZ & TOWBIN LLC |
| Chicago, Illinois 60654 | 321 N. Clark Street, Suite 800 |
| Telephone: 312-276-1400 | Chicago, Illinois 60654 |
| Facsimile: 312-276-0035 | Telephone: (312)-541-0151 |
| Email: jfrank@fgllp.com | Facsimile: (312) 980-3888 |
| | Email: bshaw@shawfishman.com |
| |        proberts@shawfishman.com |
| *Attorney for the Debtor*[10] | |
| | - and - |
| | Lenard M. Parkins (*pro hac vice*) |
| | Trevor R. Hoffmann (*pro hac vice*) |
| | Jonathan Hook (*pro hac vice*) |
| | John D. Beck (*pro hac vice*) |
| | HAYNES AND BOONE LLP |
| | 30 Rockefeller Plaza, 26th Floor |
| | New York, New York 10112 |
| | Telephone: (212) 659-7300 |
| | Facsimile: (212) 918-8989 |
| | Email: lenard.parkins@haynesboone.com |
| |        trevor.hoffmann@haynesboone.com |
| |        jonathan.hook@haynesboone.com |
| |        john.beck@haynesboone.com |
| | *Attorneys for RMW Acquisition Company, LLC* |

---

[10] Retention not yet approved.

11