**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHELBOURNE NORTH WATER STREET, L.P., | ) | Case No. 13-44315 (JSB) |
| | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

**ORDER CONFIRMING THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF SHELBOURNE NORTH WATER STREET, L.P., RMW
ACQUISITION COMPANY LLC, RMW CLP ACQUISITIONS LLC, AND RMW CLP
ACQUISITIONS II LLC, AS MODIFIED**

This matter comes before the Court for hearing on October 7, 2014 (the "Confirmation Hearing") on proposed confirmation of the *Second Amended Joint Chapter 11 Plan of Reorganization of Shelbourne North Water Street, L.P., RMW Acquisition Company LLC, RMW CLP Acquisitions, LLC, and RMW CLP Acquisitions II LLC, as Modified* (hereinafter, the "Plan")[1], filed by Shelbourne North Water Street, L.P. (the "Debtor"), RMW Acquisition Company LLC ("RMW Acquisition"), RMW CLP Acquisitions, LLC ("CLP"), and RMW CLP Acquisitions II LLC ("CLP II", and together with CLP and RMW Acquisition, "RMW").

The Court has considered the Plan, all of the evidence presented in support of confirmation of the Plan, including the accepted offers of proof presented by the Debtor and RMW (collectively, the "Plan Proponents") and Atlas Apartment Holdings LLC ("Atlas") with respect to testimony that would be adduced in support of confirmation of the Plan, the entire record of the case before the Court and the statements and arguments of all interested counsel with respect to the foregoing.

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Plan unless otherwise indicated. Any capitalized term used but not defined herein, or in the Plan, but that is defined in the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*, hereinafter, the "Bankruptcy Code") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules.

The Court has also reviewed, considered and made part of the record of the Confirmation Hearing (a) the Certificate of Service filed by Jeremy C. Kleinman on September 5, 2014 [Docket No. 300] evidencing notice of and service of process on the parties reflected therein of the following documents: (i) the Plan and accompanying amended disclosure statement (the "Disclosure Statement"), (ii) a notice setting forth deadlines for voting on and/or objecting to confirmation of the Plan, (iii) the Court's August 20, 2014 Order Approving Adequacy of the Disclosure Statement and Scheduling Hearing on Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of Shelbourne North Water Street, L.P., RMW Acquisition Company LLC, RMW CLP Acquisitions LLC and RMW Acquisitions II LLC, as Modified and Fixing Related Deadlines [Docket No. 290] (the "Scheduling Order"), (iv) the Court's June 30, 2014 Order Setting Hearing on Adequacy of Disclosure Statement and Deadline for Objections, Setting Hearing on Plan Confirmation and Deadline for Objections, Approving the Solicitation and Tabulation Procedures, Approving the Form of Ballots and Approving the Forms of Notices of Hearings [Docket No. 267], (v) a copy of the Plan Proponents' approved Solicitation and Tabulation Procedures, and (vi) a ballot upon the Debtor's creditors; (b) the Certificate of Service filed by Jeremy Kleinman on September 25, 2014 [Docket No. 312] reflecting service of the Plan Supplement upon the Debtor's creditors on September 19, 2014; and (c) the Affidavit of Publication filed on October 2, 2014 [Docket No. 317], reflecting publication of notice of the Confirmation Hearing in the September 22, 2014 and September 23, 2014 editions of the Chicago Tribune; and concludes that proper, good and adequate notice of the Confirmation Hearing was provided to all parties in interest, including both known and unknown creditors, both secured and unsecured.

It appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that proper and adequate notice has been given under the circumstances and that no other or further notice is necessary; and after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS, CONCLUDES AND ORDERS[2] that:

A.       The Court has jurisdiction to conduct the Confirmation Hearing and to confirm the Plan pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto on all issues.

B.       This is a single asset real estate bankruptcy case. The Debtor is the owner of 2.2 acres of real property located in Chicago, Illinois (the "Property").

C.       The Debtor was and is qualified to be a debtor under section 109(a) of title 11 of the Bankruptcy Code, and each of the Plan Proponents is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

D.       The Debtor is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois was proper as of November 14, 2013, the date on which the United States Bankruptcy Court for the District of Delaware transferred venue to this Court pursuant to 28 U.S.C. § 1408, and continues to be proper.

---

[2] The determinations, findings, judgments and conclusions set forth and incorporated in this Order constitute the Court's findings of fact, conclusions of law, and orders of the Court. Each finding and conclusion set forth or incorporated herein shall constitute an order of the Court. The orders of the Court shall also constitute the findings and conclusions of the Court. Findings of fact constitute findings of fact even if they are stated as conclusions of law, and conclusions of law constitute conclusions of law even if they are stated as findings of fact.

E.    This Court takes judicial notice of the dockets of the Debtor's bankruptcy case and the related adversary proceeding maintained by the Clerk of the Court, and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Debtor's case.

F.    The Plan implements the terms of a compromise and settlement reached by and among the Debtor, Atlas, and RMW, which was approved by order of this Court on March 26, 2014 [Docket No. 193].

G.    As set forth in the Ballot Report filed by the Debtor on October 1, 2014 [Docket No. 316], on or prior to the September 29, 2014 deadline for submitting votes to accept or reject the Plan: (i) the three creditors in Class 1 unanimously voted to accept the Plan; (ii) AECOM USA, Inc., the sole creditor in Class 2, voted to accept the Plan; (iii) 13 holders of Class 3 Claims, asserting claims totaling $5,123,171.63, representing 91% of pending Class 3 Claims, each voted to accept the Plan, with one additional holder of a Class 3 Claim voting one day late to accept the Plan on account of a claim totaling $396,750; and (iv) the Creditors in Class 4 unanimously voted to accept the Plan.  As set forth in Paragraphs H, I, J and K below, all impaired classes of Claims entitled to vote on the Plan have accepted the Plan.

H.    Based on the votes cast in favor of the Plan by the holders of Class 1 Claims, for purposes of sections 1126(c) and 1129(a) of the Bankruptcy Code, the Plan has received sufficient votes to have been accepted by holders of not less than two-thirds in amount and more than one-half in number of holders of Class 1 Claims that voted to accept or reject the Plan.

I.    Based on the vote cast in favor of the Plan by the only holder of a Class 2 Claim, for purposes of sections 1126(c) and 1129(a) of the Bankruptcy Code, the Plan has received

sufficient votes to have been accepted by holders of not less than two-thirds in amount and more than one-half in number of holders of Class 2 Claims that voted to accept or reject the Plan.

J.      Based on the votes cast in favor of the Plan by the holders of Class 3 Claims who voted and the value of the claims underlying such Ballots, for purposes of sections 1126(c) and 1129(a) of the Bankruptcy Code, the Plan has received sufficient votes to have been accepted by holders of not less than two-thirds in amount and more than one-half in number of holders of Class 3 Claims that voted to accept or reject the Plan.

K.      Based on the unanimous votes cast in favor of the Plan by the holders of Class 4 Claims, for purposes of sections 1126(c) and 1129(a) of the Bankruptcy Code, the Plan has received sufficient votes to have been accepted by holders of not less than two-thirds in amount and more than one-half in number of holders of Class 4 Claims that voted to accept or reject the Plan.

L.      Based upon the evidence and the record before the Court, good, proper and adequate notice of the Confirmation Hearing has been provided to all parties in interest, including all known creditors and unknown creditors who received notice by publication.

M.      The Plan appropriately provides for the classification and treatment of all claims asserted against, and Equity Interests in, the Debtor's estate.

N.      The Plan does not discriminate unfairly in its classification and treatment of claims asserted against, and Equity Interests in, the Debtor's estate.

O.      The Plan provides for two alternative transactions: (i) the Debtor Plan Transaction, pursuant to which the Debtor will obtain funding with which to make the distributions to creditors required by the Plan and either retain the Property as a Reorganized Debtor or transfer the Property to Spire JV, LLC ("SPE"); and (ii) if triggered by virtue of

Section 6.2 of the Plan, the RMW Alternative Plan Transaction, pursuant to which the Debtor

will transfer the Property to RMW by special warranty deed free and clear of all Liens, Claims,

encumbrances, charges and Interests of any nature whatsoever, and, as a precondition to such

transfer, RMW will make all the payments to creditors required under section 6.3 of the Plan,

including the Debtor Affiliate Payment ($1.5 million of which shall be paid to the Shelbourne

Affiliates and $1 million of which shall be paid to Atlas).

  P.  The record in this case, the Plan and Disclosure Statement and the statements of

counsel to the Plan Proponents and Atlas at the Confirmation Hearing provide an adequate and

competent basis for the findings of fact and conclusions of law contained herein.

## ORDER

  Based upon the foregoing, the Plan satisfies the requirements for Confirmation and after

due deliberation and sufficient cause appearing therefor, it is hereby FOUND, DETERMINED,

ORDERED AND ADJUDGED THAT:

  1.  The Plan, a copy of which is attached hereto as Exhibit A, is hereby confirmed

under section 1129 of the Bankruptcy Code. The terms of the Plan and the exhibits thereto are

incorporated by reference into, and are an integral part of, the Plan and this Order.

  2.  Votes for acceptance and rejection of the Plan were solicited in good faith and

such solicitation complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy

Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code and all other

applicable rules, laws and regulations.

  3.  The Plan complies with each of the applicable requirements of section 1129 of the

Bankruptcy Code.

4.     Both the Debtor Plan Transaction and the RMW Alternative Plan Transaction have been proposed in good faith and consistent with the requirements of the Bankruptcy Code.

5.     **Authorization to Consummate Plan Transactions.** The Plan Proponents are hereby authorized and directed to execute, deliver, file or record all documents and to take all actions necessary or appropriate to implement, effectuate and consummate the transactions contemplated in the Plan, without further application to or order of this Court.

6.     **Transfer of Property under the Debtor Plan Transaction Free and Clear of Liens, Claims, and Encumbrances.** Except as otherwise expressly provided in the Plan in connection with the RMW Alternative Plan Transaction, and subject to the obligations of the Debtor or Reorganized Debtor, as applicable, to make all payments required under the Plan to be made on the Effective Date, including those required to be paid to RMW, on the Effective Date, title to all property of the Debtor's Estate shall transfer, at Atlas's option, to the Reorganized Debtor or to SPE, free and clear of all Liens, Claims, encumbrances, charges and Interests arising on or before the Confirmation Date and other rights and interests of holders of Liens, Claims and Interests of any nature whatsoever, including, but not limited to, all Liens, Claims, encumbrances, charges and Interests listed on Schedule 6.8 of the Plan.

7.     **Transfer of Property under the RMW Alternative Plan Transaction Free and Clear of Liens, Claims, and Encumbrances.** (a) Pursuant to the provisions of section 6.2 of the Plan, in the event that the RMW Alternative Plan Transaction is triggered, and subject to RMW making the payments required as set forth in Paragraph 7(c) below, the Debtor is authorized and directed to immediately transfer the Property to RMW Acquisition by execution and hand delivery of the special warranty deed and other ancillary transfer documents necessary for the effective transfer of the Property in the City of Chicago and Cook County, Illinois,

including, but not limited to, those documents listed on Schedule 7 hereto, to Chicago counsel for RMW Acquisition, free and clear of all claims, interests or encumbrances, charges and Interests of any nature whatsoever, including, but not limited to, all Liens, Claims, encumbrances, charges and Interests listed on Schedule 6.8 of the Plan.

(b) for the avoidance of doubt, at the time the Property is actually transferred from the Debtor to RMW Acquisition pursuant to subparagraph (a) above, the Property shall be free and clear of all Liens, Claims, encumbrances, charges and Interests of any nature whatsoever including without limitation those listed on Schedule 6.8 of the Plan.

(c) Pursuant to the provisions of section 6.3 of the Plan, as a precondition of the Debtor's transfer of the Property to RMW Acquisition as set forth in subparagraphs (a) and (b) above, RMW Acquisition shall make all payments required of it as set forth in section 6.3 of the Plan including the Debtor Affiliate Payment ($1.5 million of which shall be paid to the Shelbourne Affiliates and $1 million of which shall be paid to Atlas).

8.     **Authorization and Direction to Execute Documents in Connection with Plan Transactions.** The Plan Proponents are hereby authorized and directed to enter into agreements, and to do and perform all acts, to make, execute and deliver all instruments and documents and to pay all fees, and other amounts, which may be required to implement and effectuate the Plan. In the event that the RMW Alternative Plan Transaction is triggered, this authorization and direction shall include the timely execution and delivery of a special warranty deed and other ancillary documents transferring and conveying the Property to RMW Acquisition free and clear of all claims, interests or encumbrances, charges and Interests of any nature whatsoever pursuant to sections 6.2 and 6.3 of the Plan and paragraph 7 of this Order.

9.     **Binding Effect of Plan and Confirmation Order.**  Immediately upon entry of this Confirmation Order, it shall be enforceable and binding on the Debtor, RMW, and Atlas, unless stayed by separate order of court.   Upon the occurrence of the Effective Date, this Confirmation Order and the Plan shall be binding upon the Debtor, RMW, Atlas, any Entity acquiring property under the Plan, and any holder of a Claim against or Interest in the Debtor, the Property, or any other property of the Debtor's Estate, whether or not the Claim or Interest was asserted against the Debtor, whether or not the Claim or the Interest of such Claim or Interest holder is impaired under the Plan and whether or not such Claim or Interest holder has voted, or is deemed to have voted, for or against the Plan, and any Entity asserting claims regarding the transfer of work product of intellectual property pertaining to the Property by Perkins+Will, Inc.

10.     **Injunctions, Releases and Exculpatory Provisions.**  Pursuant to Bankruptcy Rule 3020(c)(1), the following provisions of the Plan are hereby approved, are so ordered, and shall be immediately effective on the Effective Date without further order or action by the Court, any of the parties to such releases, or any other Entity:

**Section 7.1(b).  Each of the Injunctions shall become effective on the Effective Date and shall continue in effect at all times thereafter.  Notwithstanding anything to the contrary contained in this Plan, all actions in the nature of those to be enjoined by the Injunctions shall be enjoined during the period between the Confirmation Date and the Effective Date as well.**

**Section 7.2.  Setoffs and Recoupment.  Subject to the limitations provided in section 553 of the Bankruptcy Code, the Debtor may, but shall not be required to, set off against or recoup any Claim except the RMW Claims and the payments or Distributions to be made pursuant to this Plan in respect of such Claim, any claims, rights, Causes of Action and liabilities of any nature that the Debtor may hold against the Holder of such Claim; provided, however, that neither the failure to effect such a setoff or recoupment nor the Allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any of such Claims, rights, Causes of Action and liabilities that the Debtor has or may have against the Holder.**

**Section 7.3.  Section 346 Injunction.  In accordance with section 346 of the Bankruptcy Code, for purposes of any state or local law imposing a tax, income will not be**

realized by the Estate, the Debtor or Reorganized Debtor by reason of the forgiveness or discharge of indebtedness resulting from the Consummation of this Plan.  As a result, each state or local taxing authority is permanently enjoined and restrained, after the Confirmation Date, from commencing, continuing, or taking any act to impose, collect or recover in any manner any tax against the Debtor, the Reorganized Debtor or the Property arising by reason of the forgiveness or discharge of indebtedness under this Plan.

      Section 7.4.  <u>Discharge and Release</u>.  Except as specifically provided in this Plan or in the Confirmation Order, effective on the Effective Date, the Released Parties shall be discharged from responsibility, obligation or liability for any and all Claims and Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a Proof of Claim based on such Claim was filed or deemed filed under section 501 of the Bankruptcy Code, or such Claim was listed on the Schedules of the Debtor, (ii) such Claim is or was Allowed under section 502 of the Bankruptcy Code, or (iii) the Holder of such Claim has voted on or accepted this Plan.  Except as specifically provided in this Plan or Plan Documents to the contrary, the rights provided in this Plan shall be in complete (x) satisfaction, discharge and release of all Claims or demands against, Liens on, and Interests in the Debtor (or Reorganized Debtor), or the assets and properties of the Debtor (or Reorganized Debtor), including the Property, (y) satisfaction, discharge and release of all Claims constituting Released Claims, including, but not limited to, all Causes of Action, whether known or unknown, either directly, indirectly or derivatively through the Debtor or Reorganized Debtor against the Released Parties or on the Property on the same subject matter as any of the Claims, Liens, or Interests described in subpart (x) of this Section 7.4, and (z) satisfaction, discharge and release of all causes of action of the Debtor or Reorganized Debtor, whether known or unknown, including but not limited to all Claims including the Released Claims, against the Released Parties.  FURTHER, BUT IN NO WAY LIMITING THE GENERALITY OF THE FOREGOING, EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THIS PLAN, ANY ENTITY ACCEPTING ANY DISTRIBUTIONS OR RIGHTS PURSUANT TO THIS PLAN SHALL BE PRESUMED CONCLUSIVELY TO DISCHARGE THE DEBTOR AND REORGANIZED DEBTOR AND HAVE RELEASED THE RELEASED PARTIES FROM (A) THE RELEASED CLAIMS AND (B) ANY OTHER CAUSE OF ACTION BASED ON THE SAME SUBJECT MATTER AS THE CLAIM OR INTEREST ON WHICH THE DISTRIBUTION OR RIGHT IS RECEIVED.

      Section 7.5.  <u>Discharge Injunction</u>.  Except as specifically provided in the Plan Documents to the contrary, upon entry of the Confirmation Order, this Plan will operate as a permanent injunction prohibiting and enjoining the commencement or continuation of any action, the employment of process or any act to collect, recover from, or offset (a) any Claim or demand against or equity Interest in the Released Parties by any Entity, (b) any Claim or demand, whether known or unknown, against the Released Parties by any Entity based on the same subject matter as any Claim, demand or Interest described in Section 7.4, including, without limitation, any guaranties by Released Parties of any such Claims, demands or Interests, or (c) any Claim or demand against, any security interest in or any lien, claim or encumbrance on the Property by any Entity.  BY ACCEPTING DISTRIBUTIONS PURSUANT TO THIS PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR INTEREST WILL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION.  ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASE UNDER SECTION 105 OR 362 OF THE BANKRUPTCY CODE,

OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.

Section 7.6.  **Additional Injunction Relating to Transfer of Intellectual Property**. Except as specifically provided in the Plan Documents to the contrary, upon entry of the Confirmation Order, this Plan will operate as a permanent injunction prohibiting and enjoining the commencement or continuation of any action, the employment of process (in law or equity, for damages or other relief of any kind) against the P+W Parties or any Released Party with respect to P+W's delivery of certain files and documents relating to the design and construction of the Project on the Property and/or P+W's performance of its obligations under the P+W Settlement Agreement.  BY ACCEPTING DISTRIBUTIONS PURSUANT TO THIS PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR INTEREST WILL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION.  ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASE UNDER SECTIONS 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.

Section 7.7.  **Disallowed Claims and Disallowed Interests**.  On and after the Effective Date, the Released Parties shall be fully and finally discharged and released of any liability or obligation on a disallowed Claim or a disallowed equity Interest, and any order creating a disallowed Claim or a disallowed equity Interest that is not a Final Order as of the Effective Date solely because of an Entity's right to move for reconsideration of such order pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rule 3008 shall nevertheless become and be deemed to be a Final Order on the Effective Date.  The Confirmation Order, except as otherwise provided herein, or unless the Bankruptcy Court orders otherwise, shall constitute an order (a) disallowing all Claims to the extent such Claims and equity Interests are not allowable under any provision of section 502 of the Bankruptcy Code, including, but not limited to, time-barred Claims and Claims for unmatured interest, and (b) disallowing or subordinating, as the case may be, any Claims, or portions of Claims, for penalties or non-compensatory damages.

Section 7.8.  **Exoneration and Reliance**.  The Released Parties, as well as their respective direct and indirect owners, managers, stockholders, directors, officers, agents, employees, members, attorneys, accountants, financial advisors, and representatives shall not be liable other than for willful misconduct to any Holder of a Claim or Interest or any other Entity with respect to any action, omission, forbearance from action, decision, or exercise of discretion taken at any time prior to the Effective Date in connection with (a) the management or operation of the Debtor or Reorganized Debtor, or the discharge of their duties under the Bankruptcy Code, (b) the implementation of any of the transactions provided for, or contemplated in, this Plan or the Plan Documents, (c) any action taken in connection with either the enforcement of the Debtor's rights against any Entities or the defense of Claims asserted against the Debtor with regard to the Chapter 11 Case, (d) any action taken in the negotiation, formulation, development, proposal, disclosure, confirmation or implementation of the Plan Documents filed in the Chapter 11 Case, or (e) the administration of this Plan or the assets and property to be distributed pursuant to this Plan.  The Debtor and Reorganized Debtor, as well as their respective direct and indirect owners, managers, stockholders, directors, officers, agents, employees, members, attorneys, accountants, financial advisors, and representatives may reasonably rely upon the opinions of their respective counsel, accountants, and other experts or professionals and such reliance, if reasonable, shall conclusively establish good faith and the absence of willful

misconduct; *provided, however,* that a determination that such reliance is unreasonable shall not, by itself constitute a determination or finding of bad faith or willful misconduct. In any action, suit or proceeding by any Holder of a Claim or equity Interest or any other Entity contesting any action by, or non-action of, the Debtor or Reorganized Debtor, or their respective direct and indirect owners, managers, stockholders, directors, officers, agents, employees, members, attorneys, accountants, financial advisors, and representatives, the reasonable attorneys' fees and costs of the prevailing party shall be paid by the losing party and, as a condition to going forward with such action, suit, or proceeding at the outset thereof, all parties thereto shall be required to provide appropriate proof and assurances of their capacity to make such payments of reasonable attorneys' fees and costs in the event they fail to prevail.

Section 7.9.    No Liability for Solicitation or Participation.    Pursuant to section 1125(e) of the Bankruptcy Code, the Confirmation Order shall provide that all of the Persons who have solicited acceptances or rejections of this Plan (including the Plan Proponents and Related Persons) have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and shall not be liable on account of such solicitation or participation for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or the offer, issuance, sale or purchase of securities.

11.    **Bar Date for Professional Claims and Administrative Expense Claims.**  All Professionals requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code for services rendered prior to the Effective Date (including, without limitation, any compensation requested by any Professional or any other Entity for making a substantial contribution to the Chapter 11 Case), shall file and serve on the Debtor and the United States Trustee an application for final allowance of compensation and reimbursement of expenses on or before the Administrative Claims Bar Date. All other creditors asserting Administrative Claims shall file an application for allowance and payment of an Administrative Claim no later than the Administrative Claims Bar Date. Notwithstanding the foregoing, RMW shall not under any circumstances be required to pay any Claim asserted by Atlas or its professionals under sections 503(b)(3)(D) or 503(b)(4) of the Bankruptcy Code, and Atlas shall not seek recovery on such a claim directly or indirectly against RMW or its Related Persons.  The Administrative Claims Bar Date shall be the first Business Day that is at least forty-five (45) days after the Effective Date unless a later date is otherwise

approved or such time is extended by this Court. Objections to timely-filed applications of Professionals for compensation or reimbursement of expenses must be filed and served on the Professional(s) that filed the applications and the Debtor or Reorganized Debtor, as applicable, no later than thirty (30) days after the filing of such Claims. Objections to timely-filed Administrative Expense Claims must also be filed and served on the claimant no later than thirty (30) days after the filing of such Claims. Such Claims shall be paid in full by the Reorganized Debtor or RMW, as appropriate, on (i) the later of (a) the Effective Date, or (b) fourteen days after the date when each such Claim is Allowed by this Court, or (ii) as agreed.

12. **Continuing Jurisdiction of the Bankruptcy Court.** This Court shall have and retain continuing and exclusive jurisdiction, in accordance with the provisions of the Plan and sections 105(a) and 1142 of the Bankruptcy Code, to the fullest extent permissible, with respect to all matters arising from or related to the implementation of this Order, including without limitation:

(a) to modify the Plan after the Confirmation Date, pursuant to the provisions of the Bankruptcy Code and the Bankruptcy Rules;

(b) to correct any defect, cure any omission, reconcile any inconsistency, or make any other necessary changes or modifications in or to the Plan, the Plan Documents, or this Confirmation Order as may be necessary to carry out the purposes and intent of the Plan, including the adjustment of the date(s) of performance under the Plan Documents in the event that the Effective Date does not occur as provided herein so that the intended effect of the Plan may be substantially realized thereby;

(c) to assure the performance by the Debtor (or Reorganized Debtor) or, to the extent appropriate, RMW, of its obligations to make Distributions under the Plan; including, but not limited to Distributions to Holders of Allowed Claims pursuant to the provisions of the Plan;

(d) to assure that at the time the Property is transferred to the Reorganized Debtor, SPE or RMW Acquisition, as applicable, under the Plan and this Order, the Property is transferred free and clear of all Liens, Claims and encumbrances, charges and Interests of any nature whatsoever, including those set out in Schedule 6.8 of the Plan;

(e) to enforce and interpret the terms and conditions of the Plan Documents;

(f)    to enter such orders or judgments, including, but not limited to, injunctions as may be necessary or appropriate to (i) enforce the title, rights, and powers of the Debtor (or Reorganized Debtor), SPE or RMW, and (ii) implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan or the Disclosure Statement or this Confirmation Order, except as otherwise provided herein;

(g)    to decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtor that may be pending on the Effective Date, or brought thereafter by the Reorganized Debtor, including the Causes of Action retained and preserved under the Plan, and to hear and determine any motions or contested matters involving taxes, tax refunds, tax attributes, tax benefits, and similar or related matters with respect to the Debtor (or Reorganized Debtor) arising on or prior to the Effective Date, arising on account of transactions contemplated by the Plan Documents, or relating to the period of administration of the Chapter 11 Case;

(h)    to hear and determine all applications for compensation of Professionals and reimbursement of expenses under sections 330, 331, or 503(b) of the Bankruptcy Code;

(i)    to resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or any entity's obligations created or incurred in connection with the Plan and to hear and determine any causes of action arising during the period from the Petition Date through the Effective Date;

(j)    to hear and determine any cause of action in any way related to the Plan Documents or the transactions contemplated thereby, against the Debtor (or Reorganized Debtor), and their respective present and former officers, directors, stockholders, employees, members, attorneys, accountants, financial advisors, representatives, and agents;

(k)    to hear and determine any and all motions for the rejection, assumption, or assignment of executory contracts and the Allowance of any Claim resulting therefrom;

(l)    to issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan;

(m)    to enter and implement such orders as are necessary or appropriate if this Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated or if Distributions pursuant to the Plan are enjoined or stopped;

(n)    to determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Disclosure Statement Approval Order, this Confirmation Order or any contract, instrument release or other agreement or document created in connection with the Plan or the Disclosure Statement;

(o)    to hear and determine such other matters as may be provided in this Confirmation Order;

(p)     to consider and act on the compromise and settlement of any Claim against or Interest in the Debtor or its Estate, including, without limitation, any disputes relating to the Bar Date;

(q)     to hear and determine all questions and disputes regarding title to the assets of the Debtor or its Estate;

(r)     to hear and determine any other matters related hereto, including the implementation and enforcement of the Plan and all orders entered by this Court in the Chapter 11 Case;

(s)     to hear and determine all questions and disputes arising out of or in connection with the Settlement Agreement, Settlement Order, Plan Investment Agreement or Plan Investment Agreement Approval Order;

(t)     to enter such orders as are necessary to implement and enforce the Injunctions and the other injunctions described in the Plan;

(u)     to enter an order closing the Debtor's Chapter 11 Case; and

(v)     to hear and to determine any other matter related hereto and not inconsistent with the Bankruptcy Code and title 28 of the United States Code.

13.     **Continuing Jurisdiction of the Bankruptcy Court as to Atlas and SPE.**

Notwithstanding anything to the contrary in this Confirmation Order, after the Effective Date, this Court shall not have jurisdiction over any agreements between Atlas or SPE and any third party other than the Settlement Agreement and the Plan Investment Agreement.

14.     **Exemption from Certain Taxes.** Pursuant to 11 U.S.C. § 1146, all transactions, including the delivery and recordation of any instrument, under, in furtherance of, or in connection with the Plan or this Confirmation Order, shall not be subject to any stamp tax, real estate transfer tax or similar transfer fee or tax.

15.     **Immediate Effectiveness.** Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, pursuant to Bankruptcy Rule 3020(e), the terms and conditions of this Confirmation Order shall be immediately effective and enforceable upon its entry on the docket.

16.     **Calculation of Time Periods.**  All time periods set forth in this Confirmation Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.     **Payment of United States Trustee Fees.**  On or before the Effective Date of the Plan, the Plan Proponents shall pay all pending fees due to the United States Trustee pursuant to 28 U.S.C. § 1930.

18.     **Notice of Entry of Confirmation Order.**  On or before the date that is fourteen (14) days after the entry of this Confirmation Order, the Plan Proponents shall serve by first class mail a notice of the entry of this Confirmation Order (the "Confirmation Notice") and the Administrative Claim Bar Date to each of the following at their respective addresses last known to the Debtor: (i) the Office of the United States Trustee, (ii) all persons or entities listed in the Debtor's schedules of assets and liabilities, or any amendments thereto, (iii) all professionals retained by the Debtor pursuant to section 327 of the Bankruptcy Code, and (iv) any other known holders of Claims against the Debtor, as evidenced by Claims and/or notices of appearance filed by or on behalf of such holders in this Case.  Such service shall constitute good and sufficient notice pursuant to Bankruptcy Rule 2002(f)(7) and 2002(i)-(1) of the confirmation of the Plan and entry of this Confirmation Order.

19.     **Conflicts between Confirmation Order and Plan.**  The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.  To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.

Dated: October 7, 2014

_____
Honorable Janet S. Baer

Chicago, Illinois                              United States Bankruptcy Judge

*Prepared by counsel for Shelbourne North Water Street, L.P.*

Joseph D. Frank (IL No. 6216085)
Jeremy C. Kleinman (IL No. 6270080)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:     (312) 276-1400
Facsimile:     (312) 276-0035
jfrank@fgllp.com
jkleinman@fgllp.com

## SCHEDULE 7

Special Warranty Deed

Transfer Declaration

Affidavit of Title

ALTA Statement

1099 Solicitation

GAP Undertaking

Bill of Sale

Property Manager Affidavit

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHELBOURNE NORTH WATER STREET, | ) | Case No. 13- 44315 (JSB) |
| L.P., | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

**SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF SHELBOURNE NORTH WATER STREET, L.P., RMW ACQUISITION COMPANY LLC, RMW CLP ACQUISITIONS LLC, AND RMW CLP ACQUISITIONS II LLC, AS MODIFIED**

Frances Gecker (ARDC #6198450)
Joseph D. Frank (ARDC #6216085)
FRANKGECKER LLP
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
(312) 276-1400
(312) 276-0035 (fax)
Email: fgecker@fgllp.com
        jfrank@fgllp.com

Brian L. Shaw
Peter J. Roberts
SHAW FISHMAN GLANTZ & TOWBIN
LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60654
Telephone:  (312)-541-0151
Facsimile:  (312) 980-3888
Email: bshaw@shawfishman.com
        proberts@shawfishman.com

- and -

Lenard M. Parkins (*pro hac vice*)
Trevor R. Hoffmann (*pro hac vice*)
Jonathan Hook (*pro hac vice*)
John D. Beck (*pro hac vice*)
HAYNES AND BOONE LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone:  (212) 659-7300
Facsimile:  (212) 918-8989
Email: lenard.parkins@haynesboone.com
        trevor.hoffmann@haynesboone.com
        jonathan.hook@haynesboone.com
        john.beck@haynesboone.com

# TABLE OF CONTENTS

**Page**

SUMMARY OF PLAN ................................................................................1

    Debtor's Plan Transaction ...................................................................1
    A.    Payment of Claims ...................................................................1
    B.    Funding ...................................................................................1
    C.    Property of the Estate ..............................................................2
    D.    Treatment of Affiliate Claims ................................................2
    E.    Capital Structure ....................................................................2
    F.    Effective Date ........................................................................3

    RMW Alternative Plan Transaction.....................................................3
    G.    Failure to Make Payments to RMW Acquisition...................3
    H.    RMW Payment........................................................................3
    I.    Treatment of Insider Claims. .................................................4
    J.    Effect of Transfer of Property to RMW Acquisition ............4
    K    Capital Structure of the Reorganized Debtor Under RMW
        Alternative Plan Transaction..................................................4

ARTICLE 1    DEFINITIONS AND RULES OF CONSTRUCTION ........................4

ARTICLE 2    GENERAL PROVISIONS ................................................................13
    2.1    Headings ...............................................................................13
    2.2    Severability ..........................................................................13
    2.3    Supersession.........................................................................13
    2.4    Entire Agreement .................................................................13
    2.5    Amendment and Modification ..............................................13
    2.6    Successors and Assigns........................................................14
    2.7    Unaffected Rights and Obligations......................................14
    2.8    Other Materials ....................................................................14
    2.9    Penalties ...............................................................................14
    2.10    Late Claims ..........................................................................14

ARTICLE 3    DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS ....14
    3.1    Classification in General......................................................14
    3.2    Resolution of Classification Disputes..................................14
    3.3    Designation of Classes ........................................................15

ARTICLE 4    TREATMENT OF ADMINISTRATIVE CLAIMS, PRIORITY TAX
             CLAIMS, OTHER PRIORITY CLAIMS AND UNIMPAIRED
             CLASSES .............................................................................16
    4.1    Unclassified – Administrative Claims .................................16
            (a)    General.....................................................................16
            (b)    Payment of Statutory Fees ......................................17

# TABLE OF CONTENTS
## (Continued)

|  |  | Page |
|---|---|---|
| | (c)  Administrative Claims Bar Date | 17 |
| 4.2 | Unclassified – Priority Tax Claims | 17 |
| 4.3 | Unclassified – Other Priority Claims | 17 |
| 4.4 | Class 2 – Allowed Mechanic's Lien Claims | 17 |
| ARTICLE 5 | SPECIFICATION AND TREATMENT OF IMPAIRED CLASSES | 18 |
| 5.1 | Class 1 – RMW Claims | 18 |
| | (a)  Impairment and Voting | 18 |
| | (b)  Treatment | 18 |
| 5.2 | Class 3 – Allowed Unsecured Claims | 18 |
| | (a)  Impairment and Voting | 18 |
| | (b)  Treatment | 18 |
| 5.3 | Class 4 – Claims of Shelbourne Affiliates | 18 |
| | (a)  Impairment and Voting | 18 |
| | (b)  Treatment | 18 |
| 5.4 | Class 5 – Equity Interests | 19 |
| | (a)  Impairment and Voting | 19 |
| | (b)  Treatment | 19 |
| ARTICLE 6 | MEANS FOR IMPLEMENTATION OF THIS PLAN | 19 |
| 6.1 | General Settlement of Claims | 19 |
| 6.2 | Debtor Plan Transaction | 19 |
| 6.3 | RMW Alternative Plan Transaction | 20 |
| 6.4 | Reorganized Debtor | 21 |
| 6.5 | Vesting of Assets in the Reorganized Debtor | 21 |
| 6.6 | Implementing Documents | 21 |
| 6.7 | Effect of Appeals | 21 |
| 6.8 | Release and Extinguishment of Liens | 21 |
| 6.9 | Amended Organizational Documents | 22 |
| 6.10 | Partners | 22 |
| 6.11 | Corporate Action | 23 |
| 6.12 | Cancellation of Instruments, Securities and Other Documentation | 23 |
| 6.13 | Receiver Action | 23 |
| 6.14 | Exemption from Certain Taxes | 23 |
| ARTICLE 7 | INJUNCTION, RELEASES AND DISCHARGE | 24 |
| 7.1 | Term of Certain Injunctions and Automatic Stay | 24 |
| 7.2 | Setoffs and Recoupment | 24 |
| 7.3 | Section 346 Injunction | 24 |
| 7.4 | Discharge and Release | 24 |
| 7.5 | Discharge Injunction | 25 |

# TABLE OF CONTENTS
## (Continued)

Page

| | | |
|---|---|---|
| 7.6 | Disallowed Claims and Disallowed Interests | 25 |
| 7.7 | Exoneration and Reliance | 26 |
| 7.8 | No Liability for Solicitation or Participation | 26 |
| ARTICLE 8 | CONDITIONS TO CONFIRMATION AND EFFECTIVENESS | 27 |
| 8.1 | Conditions to Confirmation | 27 |
| 8.2 | Conditions to Effectiveness | 27 |
| 8.3 | Waiver of Conditions | 28 |
| 8.4 | Effect of Failure of Conditions | 28 |
| ARTICLE 9 | METHOD OF DISTRIBUTIONS UNDER THIS PLAN | 28 |
| 9.1 | Distributions Pursuant to the Debtor Plan Transaction | 28 |
| (a) | General | 28 |
| (b) | Distributions of Cash | 29 |
| (c) | Timing and Calculation of Amounts to be Distributed | 29 |
| (d) | No Postpetition Interest on Claims | 29 |
| (e) | Minimum Distributions | 29 |
| (f) | Undeliverable Distributions | 29 |
| (g) | Failure to Present Checks | 30 |
| (h) | Compliance with Tax Requirements/Allocations | 30 |
| 9.2 | Distributions Pursuant to RMW Alternative Plan Transaction | 30 |
| (a) | General | 30 |
| (b) | Distributions of Cash | 30 |
| (c) | Timing of Distributions | 30 |
| ARTICLE 10 | PROCEDURES FOR THE TREATMENT OF DISPUTED CLAIMS | 30 |
| 10.1 | Disallowance of Improperly Filed Claims | 30 |
| 10.2 | Prosecution of Objections to Claims | 31 |
| 10.3 | Settlement of Claims | 31 |
| 10.4 | No Distributions Pending Allowance | 31 |
| 10.5 | Distributions After Allowance | 31 |
| 10.6 | Estimation | 32 |
| 10.7 | Disputed Claim Escrow Account | 32 |
| 10.8 | Amounts to Be Reserved | 32 |
| 10.9 | Closing of Disputed Claim Escrow Account | 32 |
| ARTICLE 11 | EXECUTORY CONTRACTS | 33 |
| 11.1 | Rejection of Executory Contracts | 33 |
| 11.2 | Assumption of Certain Executory Contracts | 33 |
| 11.3 | Assignment to SPE | 33 |

# TABLE OF CONTENTS
## (Continued)

| | Page |
|---|---|
| ARTICLE 12  MATTERS INCIDENT TO PLAN CONFIRMATION | 34 |
| 12.1  No Liability for Tax Claims | 34 |
| 12.2  No Successor Liability | 34 |
| | |
| ARTICLE 13  RETENTION OF JURISDICTION | 34 |
| 13.1  Jurisdiction | 34 |
| 13.2  General Retention | 34 |
| 13.3  Specific Purposes | 35 |
| | |
| ARTICLE 14  ENTRY OF CLOSING ORDER BY THE BANKRUPTCY COURT | 37 |
| | |
| ARTICLE 15  MISCELLANEOUS PROVISIONS | 37 |
| 15.1  Effectuating Documents and Further Transactions | 37 |
| 15.2  Modifications of this Plan | 37 |
| 15.3  Revocation and Withdrawal of this Plan | 37 |
| 15.4  Withdrawal of Plan Proponent | 37 |
| 15.5  Binding Effect | 38 |
| 15.6  No Admission | 38 |
| 15.7  Notices | 38 |
| 15.8  Governing Law | 39 |
| 15.9  Plan Supplement | 39 |
| 15.10  Exhibits and Schedules | 39 |
| 15.11  Modification of Payment Terms | 39 |
| 15.12  Reservation of Rights | 39 |
| 15.13  Further Assurances | 40 |